**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

TIMOTHY M. THOMAS :
(now Timothy M. Thomas. :
Steward), :
 :
      Plaintiff, : CIVIL ACTION NO.
 : 2:09-CV-00082-RWS
    v. :
 :
COUNTRYWIDE HOME :
LOANS, *et al.*, :
 :
      Defendants. :

## **ORDER**

Plaintiff originally filed this action in the Superior Court of Banks County. On May 12, 2009, Defendants removed the case to this Court. On May 19, 2009, Defendants filed a Motion to Dismiss [10]. Plaintiff filed no response. On November 23, 2009, Defendants filed a Motion for Sanctions [19]. Again, Plaintiff filed no response. In fact, since the filing of the Complaint, Plaintiff has filed no papers with the Court. The case is presently before the Court for consideration of Defendants' Motion to Dismiss [10] and Defendants' Motion for Sanctions [19], both of which are deemed to be unopposed. After reviewing the record, the Court enters the following Order.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

It is important to note that while the factual allegations set forth in the

2

complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. In light of this standard, the Court now examines the Plaintiff's Amended Complaint for Damages to determine whether the pleading is sufficient to survive a motion to dismiss.

The allegations in the Complaint are nonsensical. Though Plaintiff brought this action, he refers to his complaint as a counterclaim. (Compl., [1], Ex. A at p.2) Though Plaintiff's allegations relate to a mortgage loan, Plaintiff describes his claim as an action on "a contract in Admiralty" (Id. at p. 11) and states that he is "seeking a remedy in Admiralty." (Id.) As best the Court can discern from the allegations in the Complaint, Plaintiff is attempting to allege two frivolous theories, the "vapor theory" and the "unlawful money" theory.

These theories were recently addressed in a Report and Recommendation issued by Magistrate Judge Walter E. Johnson and adopted by Judge Willis

3

Hunt of this Court in the case of Thomas v. Countrywide Home Loans, et al., No. 1:09-CV-1386-WBH (N.D. Ga. Sept. 15, 2009), a case in which the allegations in the Complaint were virtually identical to those in the present Complaint[1]. The Court adopts the analysis in Thomas:

> Under the "vapor money" or "unlawful money" theory, the loans are not made in "legal tender," and are therefore unenforceable. As defendants note, however, courts have uniformly rejected those and similar arguments. See McLehan v. Mortgage Elec. Registration Sys., No. 08-12565, 2009 WL 1542929, at *2 (E.D. Mich. June 2, 2009) ("The vapor money theory, however, and 'similar arguments have been rejected by federal courts across the country.'") (citations omitted); Demmler v. Bank One NA, No. 2:05-CV-322, 2006 WL 640499, at *3 (S.D. Ohio Mar. 9, 2006); Rene v. Citibank, 32 F. Supp. 2d 539, 544-45 (E.D.N.Y. 1999) (rejecting claims that because lender did not have sufficient funds in its vault to make the loan, and merely "transferred some book entries," lender had created illegal tender); United States v. Schiefen, 926 F. Supp. 877, 880-81 (D.S.D. 1995) (rejecting arguments that there was insufficient consideration to secure promissory note, and that lender had "created money" by means of bookkeeping entry); Thiel v. First Fed. Savings & Loan Ass'n of Marion, 646 F. Supp. 592 (N.D. Ind. 1986) (rejecting claims that lender had violated RICO and National Bank Act by issuing loan check in exchange for promissory note, and imposing sanctions on plaintiffs for bringing frivolous action).
>
> This theory, if indeed it is the gravamen of plaintiffs' Complaint, is viable only if the Court accepts Plaintiff's assertion that when they gave

---

[1] The allegations are also virtually identical to those in the complaint in Thomas v. Countrywide Home Loans, et al., No. 2:09-CV-083-RWS.

4

Countrywide the promissory note, they gave it their "money," which Countrywide simply lent back to them. See Demmler, 2006 W.L. 640499, at * 4.

Based on the foregoing, the Court finds that the Complaint fails to state a claim upon which relief can be granted. Therefore, Defendants' Motion to Dismiss [10] is hereby **GRANTED**.

Defendants have also filed a Motion for Sanctions [19] pursuant to Federal Rule of Civil Procedure 11. On October 28, 2009, Defendants sent Plaintiff a letter advising him that unless he dismissed this suit with prejudice within twenty-one (21) days, Defendants would seek sanctions. Defendants advised Plaintiff that this Court had dismissed a nearly identical complaint in Thomas v. Countrywide Home Loans, Inc., No. 1:09-CV-1386-WBH-WEJ (N.D. Ga. August 3, 2009) holding that "the Complaint is nonsensical." (Defs' Mot. for Sanctions [19], Ex. A at p.1.) The Court finds that the Complaint is frivolous and has absolutely no basis in law for fact. The Court further finds that Defendants properly informed Plaintiff that Defendants would seek sanctions if Plaintiff did not voluntarily dismiss the action. The Court finds that Defendants are entitled to sanctions. Accordingly, Defendants' Motion for Sanctions [19] is hereby **GRANTED**.

AO 72A
(Rev.8/82)

Defendants shall submit a statement of fees and expenses within seven (7) days of the entry of this Order. Plaintiff shall have seven (7) days thereafter to file any objections thereto.

**SO ORDERED**, this  29th  day of March, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6